# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

S.S., a minor child, by and through YVETTE STREET,

    Plaintiff,

        v.

DISTRICT OF COLUMBIA,

    Defendant.

**Civil Action No. 14-344 (CKK)**

## MEMORANDUM OPINION
(October 9, 2014)

Plaintiff Yvette Street, on behalf of her minor child S.S., filed suit against the District of Columbia, alleging the District failed to provide S.S. with a free appropriate public education in violation of the Individuals with Disabilities Education Improvement Act ("IDEA"),[1] 20 U.S.C. § 1400 *et seq*. Presently before the Court is Plaintiff's [14] Motion to Amend Complaint and Request for Discovery. The District opposes Plaintiff's motion on the grounds that the proposed amendment is futile. Upon consideration of the pleadings,[2] the relevant legal authorities, and the record as a whole, the Court finds that Plaintiff's proposed amendment would not survive a

---

[1] The IDEA was re-authorized and re-codified pursuant to the Individuals with Disabilities Education Improvement Act in 2004, Pub. L. No. 108–446, 118 Stat. 2647 (2004). The short title of the re-authorized and amended provisions remains the Individuals with Disabilities Education Act. *See* Pub. L. No 108–446, § 101; 118 Stat. at 2647; 20 U.S.C. § 1400 (2006). Accordingly, the Court refers to the amended Act herein as the IDEA.

[2] Plaintiff's Complaint ("Compl."), ECF No. [1]; Plaintiff's Motion to Amend Complaint and Request for Discovery ("Pl.'s Mot."), ECF No. [14]; Proposed Amended Complaint ("Am. Compl."), ECF No. [14-1]; Defendant's Opposition to Plaintiff's Motion to Amend Complaint and Request for Discovery ("Def.'s Opp'n"), ECF No. [15]; Plaintiff's Reply to Defendant's Opposition ("Pl.'s Reply"), ECF No. [16].

motion to dismiss. Accordingly, Plaintiff's Motion and request for discovery are DENIED for the reasons explained below.

## I.     BACKGROUND

Plaintiff S.S. is a twelve-year old "child with a disability" as defined by 20 U.S.C. 1401(3). Compl. ¶ 6. S.S. is eligible for special education and related services under the diagnosis of Autism. *Id.* Plaintiff alleges DCPS denied S.S. a free appropriate public education ("FAPE") during the time S.S. was enrolled at MacFarland Middle School by failing to properly evaluate S.S., failing to properly formulate and revise S.S.' Individualized Education Program ("IEP"), and failing to provide S.S. home instruction. *Id.* ¶¶ 1-2.

On September 10, 2013, Plaintiff filed an administrative due process complaint alleging that the District of Columbia Public Schools ("DCPS") denied S.S. a FAPE by: (1) failing to implement S.S.' IEP, specifically the adapted physical education requirement, during the 2011-2012 school year; (2) failing to re-evaluate S.S. in all areas of suspected disability within a reasonable period of time; (3) failing to provide home instruction from January 8, 2013, to June 20, 2013; (4) failing to pay for "medical services incurred by the parent in her effort to secure an appropriate IEP and placement for the past two years"; (5) failing to include as IEP team members on June 11, 2013, "individuals who can interpret the instructional implications of evaluation results"; (6) failing to consider independent evaluations and other relevant information provided by the parent at the June 11, 2013, IEP meeting "in order to change the student's eligibility classification and develop an appropriate IEP"; (7) failing to permit meaningful parental participation in the IEP development and placement decision on June 11, 2013; (8) failing to review and revise the IEP as appropriate on June 11, 2013; (9) failing to add school health services as a related service to the June 11, 2013, IEP; (10) failing to add Applied

Behavior Analysis ("ABA") as a supplementary aid or service to the June 11, 2013 IEP; (11) failing to add IEP goals, objectives, accommodations and services to address S.S.' Traumatic Brain Injury ("TBI") on June 11, 2013; (12) failing to add to the IEP goals, objectives, accommodations, and services to address S.S.' visual impairment on June 11, 2013; (13) failing to have an appropriate IEP in effect at the beginning of the 2013-2014 school year; and (14) failing to provide an appropriate placement for the 2013-2014 school year. Def.'s Opp'n, Ex. 1 (Plaintiff's Administrative Due Process Complaint), at 7-9.

A pre-hearing conference was held on October 11, 2013, and a Pre-Hearing Order was issued on October 18, 2013. The Hearing Officer identified the following issues to be determined at the administrative hearing: whether DCPS denied S.S. a FAPE by (1) failing to implement S.S.' June 13, 2011, IEP during the 2011-2012 school year by not implementing 30 minutes per week of adaptive physical education from August 22, 2011, through June 14, 2012; (2) failing to reevaluate S.S. in all areas of suspected disability, specifically failing to conduct neuropsychological or neurological assessments to determine if S.S. had TBI in December 2011 and failing to conduct occupational therapy and physical therapy assessments; (3) failing to provide S.S. with home-based instruction services from January 8, 2013, through June 20, 2013; (4) failing to fund medical services provided to S.S.; (5) failing to include persons able to interpret evaluation results at the June 11, 2013, IEP meeting; (6) failing to appropriately identify S.S.' disability classification on June 11, 2013, by not classifying S.S. as a student with multiple disabilities rather than as a student with autism; (7) failing to provide the parent the opportunity to participate in S.S.' June 11, 2013, IEP meeting; (8) failing to include nursing services for the administration of S.S.' prescription medication on the June 11, 2013, IEP; (9) failing to include ABA as a supplementary aid or service on S.S.' June 11, 2013, IEP; (10) failing to develop an

appropriate IEP; and (11) failing to provide placement in a non-public special education day school in the June 11, 2013, IEP. Def.'s Opp'n, Ex. 2 (Oct. 18, 2013, Pre-Hearing Order), at 2-3. Plaintiff did not object to the issues to be determined as described in the October 18, 2013, Pre-Hearing Order. *See* Def.'s Opp'n, Ex. 3 (Dec. 5, 2013, Hearing Officer's Determination), at 4-5. Subsequent to the issuance of the Pre-Hearing Order, but prior to the administrative due process hearing, the Hearing Officer ruled on Defendant's motion to dismiss and dismissed issues two (2) and four (4) and limited issue three (3) to the period of March 17, 2013, through June 20, 2013. *Id.* at 5.

Following the due process hearing, the Hearing Officer dismissed eight of Plaintiff's nine remaining claims. *Id.* at 58. Thereafter, on March 4, 2014, Plaintiffs filed a Complaint in this Court under the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. §1400 *et seq.*, alleging that DCPS: (1) failed to re-evaluate S.S. in all areas of suspected disability within a reasonable period of time after his injuries at MacFarland Middle School; (2) failed to provide home instruction during the 2012-2013 school year; (3) failed to consider all of the independent evaluations provided by the parent at the June 11, 2013, IEP meeting; (4) failed to change S.S.' disability classification to multiple disabilities at the June 11, 2013, IEP meeting; (5) failed to permit meaningful parental participation at the June 11, 2013, IEP meeting; (6) failed to review and revise S.S.' IEP at the June 11, 2013, IEP meeting; (7) failed to provide an appropriate placement and to permit the parent to have input regarding the placement decision for the 2013-2014 school year; and (8) failed to have an appropriate IEP in effect at the beginning of the 2013-2014 school year. *See* Compl. ¶¶ 43-94. Additionally, Plaintiff alleged that the Hearing Officer failed to render a fair and proper decision. *Id.* ¶¶ 93-94.

Plaintiff subsequently filed a Motion to Amend Complaint and Request for Discovery. Plaintiff seeks to amend her Complaint to include a claim under Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. §794. This new claim—Count X—alleges that DCPS violated Section 504 by "employ[ing] individuals who lacked [the] essential credentials to administer and supervise the autism program [at] MacFarland Middle School," specifically, the ABA-based program. Am. Compl. ¶ 100. Plaintiff seeks discovery "to examine DCPS' professional judgment and potential gross misjudgment" as relates to Plaintiff's Section 504 claim. *See* Pl.'s Mot. at 4.

## II. LEGAL STANDARD

Pursuant to Federal Rules of Civil Procedure 15(a), "a party may amend its pleading only with the opposing party's written consent or the court's leave," and "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). However, the Court "may properly deny a motion to amend if the amended pleading would not survive a motion to dismiss." *In re Interbank Funding Corp. Securities Litig.*, 629 F.3d 213, 218 (D.C. Cir. 2010). "An amendment is futile if the proposed claim would not survive a motion to dismiss." *Commodore-Mensah v. Delta Airlines, Inc.*, 842 F. Supp. 2d 50, 52 (D.D.C. 2012) (citation omitted).

Defendant argues that Plaintiff's Section 504 claim would not survive a motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). To survive a motion to dismiss pursuant to Rule 12(b)(1), the plaintiff bears the burden of establishing that the court has subject matter jurisdiction over its claim. *Moms Against Mercury v. FDA*, 483 F.3d 824, 828 (D.C. Cir. 2007). In determining whether there is jurisdiction, the Court may "consider the complaint supplemented by undisputed facts evidenced

in the record, or the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Coal. for Underground Expansion v. Mineta*, 333 F.3d 193, 198 (D.C. Cir. 2003) (citations omitted). "At the motion to dismiss stage, counseled complaints, as well as pro se complaints, are to be construed with sufficient liberality to afford all possible inferences favorable to the pleader on allegations of fact." *Settles v. U.S. Parole Comm'n*, 429 F.3d 1098, 1106 (D.C. Cir. 2005). "Although a court must accept as true all factual allegations contained in the complaint when reviewing a motion to dismiss pursuant to Rule 12(b)(1)," the factual allegations in the complaint "will bear closer scrutiny in resolving a 12(b)(1) motion than in resolving a 12(b)(6) motion for failure to state a claim." *Wright v. Foreign Serv. Grievance Bd.*, 503 F.Supp.2d 163, 170 (D.D.C. 2007), *aff'd* 2008 WL 4068606 (D.C. Cir. Mar. 17, 2008) (citations omitted).

### III.  DISCUSSION

*A. Motion to Amend*

Defendant argues that Plaintiff's proposed Section 504 claim would not survive a motion to dismiss for lack of subject matter jurisdiction, thus leave to amend the Complaint in this respect would be futile and should be denied. Specifically, Defendant contends that the Court lacks subject matter jurisdiction over Plaintiff's new claim because Plaintiff failed to exhaust her administrative remedies as to that claim. "[A]bsent a showing that exhaustion would be futile or inadequate, a party must pursue all administrative avenues of redress under the [IDEA] before seeking judicial review under the Act." *Cox v. Jenkins*, 878 F.2d 414, 419 (D.C. Cir. 1989); *see* 20 U.S.C. § 1415(f), (g) (setting forth requirements for impartial due process hearings and appeals). This exhaustion requirement applies equally to claims concerning the rights of children with disabilities brought pursuant to the provisions of the Rehabilitation Act. 20 U.S.C. §

1415(l). Although the IDEA does not "restrict or limit the rights, procedures, and remedies available" under other applicable federal laws, a plaintiff must nonetheless exhaust the administrative procedures set forth under the IDEA when "seeking relief that is also available under" the IDEA, regardless of the statutory basis for such claims. *Id.*; *see also Polera v. Bd. of Ed. of Newburgh Enlarged City School Dist.,* 288 F.3d 478, 487–88 (2d Cir. 2002).

In response, Plaintiff argues that she "did in fact invoke the administrative process." Pl.'s Reply at 2. Plaintiff appears to argue that because she went through the administrative hearing process as to some of her claims presently before the Court, she exhausted all of the claims she now desires to bring before this Court. *Id.* It is well-established law that administrative exhaustion requirements apply to *each* claim a plaintiff seeks to bring before a district court. *See* 20 U.S.C. § 1415(i)(2)(A) ("any party aggrieved by the findings and decision made under this subsection, shall have the right to bring a civil action *with respect to the complaint presented* pursuant to this section.") (emphasis added); *see also Chambers ex rel Chambers v. School Dis. of Philadelphia Bd. of Educ.*, 587 F.3d 176, 187 n.14 (3d Cir. 2009) ("In other words, the IDEA provides that a party seeking judicial relief from the decision of state administrative proceedings may do so only to the extent that the party sought such relief in those proceedings."); *Blackmon ex rel. Blackmon v. Springfield R-XII School Dist.*, 198 F.3d 648, 655-56 (8th Cir. 1999) ("[U]nder well-established judicial interpretations of the IDEA, [plaintiff] had an obligation to exhaust her administrative remedies *with regard to the issues upon which she seeks judicial review*." (emphasis added)).

Here, Plaintiff seeks to bring the claim that DCPS employed individuals who lacked the essential credentials to administer MacFarland's autism program and, specifically, its ABA-based program. The Court has reviewed Plaintiff's administrative due process complaint and the

issues considered by the Hearing Officer during the due process hearing and does not find that this claim was raised during the administrative exhaustion process. The closest allegation in Plaintiff's due process complaint to the claim Plaintiff now seeks to bring is Plaintiff's claim that DCPS failed to add ABA therapy as a supplementary aid or service to the June 11, 2013, IEP. However, that claim is still separate and distinct from Plaintiff's new claim. As the allegations underlying Plaintiff's new Section 504 claim are separate and distinct from the allegations that were exhausted during the administrative proceedings, it would be futile for Plaintiff to amend her complaint to add her Section 504 claim because these allegations have not been exhausted.

In the alternative, Plaintiff argues that she cannot be faulted for not pleading and litigating her Section 504 claim before the administrative hearing officer because "the office established by the District of Columbia to hear IDEA complaints, cannot hear Section 504 claims." Pl.'s Reply at 3. Thus, Plaintiff contends, "failure to present a Section 504 claim at the administrative level does not constitute a failure to exhaust administrative remedies." *Id.* Plaintiff's alternative argument, however, misunderstands the scope and purpose of IDEA exhaustion. Even if a DCPS IDEA hearing officer does not have jurisdiction over an actual Section 504 *claim*, the *allegations* related to a Section 504 claim still need to be raised before the IDEA hearing officer to the extent that they "relate unmistakably to the evaluation and educational placement of [the student]," *M.T.V. v. DeKalb Cty. Sch. Dist.*, 446 F.3d 1153, 1159 (11th Cir. 2006), and "could be redressed to any degree by the IDEA's administrative procedures and remedies," *Padilla v. Sch. Dist. No. 1 in the City and Cty. Of Denver, Co*, 233 F.3d 1268, 1274 (10th Cir. 2000). For example, courts have repeatedly held that even though an IDEA hearing officer is not able to offer monetary relief under the IDEA, a plaintiff raising a claim for monetary damages for an educational injury must exhaust that claim before an IDEA hearing

officer if the claim could be redressed to any degree by the IDEA's non-monetary remedies. *See Douglass v. District of Columbia*, 605 F.Supp.2d 156, 166-67 (D.D.C. 2009) (citing cases). Likewise, although Section 504 retaliation claims are not cognizable under the IDEA, courts have regularly required plaintiffs to exhaust their retaliation claims through the IDEA administrative process to the extent that they are related to the student's evaluation and education. *See, e.g., Rose v. Yeaw*, 214 F.3d 206, 210 (1st Cir. 2000) (holding that all the plaintiff's claims, including that the school "retaliated against [the student] in response to the [parents'] efforts to enforce his educational rights," were subject to the IDEA's exhaustion requirement because they "relate unmistakably to the evaluation and educational placement of [the student]."). Similarly, here, even if DCPS indicated that an IDEA hearing officer would not hear a Section 504 complaint, case law requires Plaintiff to raise the *allegations* related to her Section 504 claim in an IDEA complaint submitted to an IDEA hearing officer because they clearly relate to S.S. educational placement and could potentially be redressed by IDEA remedies. As Plaintiff did not raise her Section 504 allegations in any IDEA
complaint and has failed to show that exhaustion was futile, the Court denies Plaintiff leave to amend her Complaint to include this claim. The Court also denies Plaintiff leave to amend her Complaint to include the additional factual allegations Plaintiff included to support her Section 504 claim, notably Am. Compl. ¶¶ 2, 12, and 14-18.

  B. *Request for Discovery*

Finally, since Plaintiff admits her request for discovery "flows from the amendment of the complaint in this case" and, indeed, her request relates exclusively to gathering evidence to support Plaintiff's Section 504 claim, the Court also denies Plaintiff's request for discovery.

## IV. CONCLUSION

For the reasons stated above, the Court finds that it would be futile to allow Plaintiff to amend her complaint to include a Section 504 Rehabilitation Act claim because the allegations underlying Plaintiff's proposed claim have not been exhausted and thus would not survive a motion to dismiss. Accordingly, the Court DENIES Plaintiff's [14] Motion to Amend Complaint. The Court also DENIES Plaintiff's request for discovery as the requested discovery relates exclusively to Plaintiff's proposed Section 504 claim.

          */s/*
**COLLEEN KOLLAR-KOTELLY**
UNITED STATES DISTRICT JUDGE